HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PACIFICORP GROUP HOLDINGS,<br><br>Plaintiff,<br><br>v.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; GRANITE STATE INSURANCE COMPANY; CENTURY INDEMNITY COMPANY; INSCO LIMITED; THE CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA; INSURANCE COMPANY OF NORTH AMERICA; TRANSPORT INDEMNITY COMPANY; AND ASSOCIATED INTERNATIONAL INSURANCE COMPANY,<br><br>Defendants. | Case No. CV7-5064 RBL<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Pacificorp Group Holdings's Motion to Remand to State Court Pursuant to 28 U.S.C. § 1447(c) (Dkt. # 40). For the reasons explained below, Plaintiff's Motion to Remand is GRANTED.

## II. FACTUAL BACKGROUND

Plaintiff originally filed its lawsuit in Pierce County Superior Court on November 15, 2006. Plaintiff served Defendants Century Indemnity Company ("Century"), Insurance Company of North America ("INA"), and Granite State Insurance Company ("Granite State") on January 11, 2007. Plaintiff served Defendant

ORDER
Page - 1

Insurance Company of Pennsylvania ("ICSOP") on February 1, 2007. Defendant Transport Indemnity Company ("Transport") accepted service on February 1, 2007.[1]

On February 9, 2007, Defendants Century and INA removed the case to this Court (Dkt. # 1) based on diversity jurisdiction. 28 U.S.C. §§ 1332, 1441. The notice of removal did not address whether the other Defendants consented to removal. On February 13, Century and INA filed an Amended Notice of Removal (Dkt. # 5) in which they stated that Transport consented to removal and that Associated International Insurance Company ("Associated") had yet to make an appearance. However, they did not demonstrate that Transport consented to removal. The Amended Notice of Removal also stated that ICSOP and Granite State had reached a settlement with Plaintiff but did not address whether ICSOP and Granite State consented to removal.

On February 14, 2007, Plaintiff served Defendants Insco Limited ("Insco") and Associated.

On March 12, 2007, Plaintiff filed a Motion to Remand to State Court Pursuant to 28 U.S.C. § 1447(c). Plaintiff argues that, under the unanimity rule, Century and INA were required to prove that all Defendants consented to removal and that Century and INA failed to do so. In response, Century and INA argue that they accidentally filed a draft Notice of Removal on February 9, 2007, which failed to mention Transport's consent or the settlement between Plaintiff and Granite State and ICSOP. Upon discovering their error, Century and INA filed a corrected Notice of Removal on February 13, 2007, that addressed both issues. They now argue that the settlement between Plaintiff and ISCOP and Granite State makes these defendants "nominal parties," and therefore that their consent was not required. They also included with their Amended Notice a declaration from Century's attorney, stating that he received Transport's consent to removal. Thus, Century and INA argue that because they rectified their earlier mistakes and because both Insco and Associated have since consented to removal,[2] this Court should deny Plaintiff's Motion to Remand.

### III. ANALYSIS

---

[1] The parties do not mention when or whether Central National Insurance Company of Omaha was served in this case or whether it consented to removal. Because the Court determines that remand is appropriate in any event, the Court need not address this issue.

[2] Insco consented to removal on March 16, 2007, and Associated consented to removal on March 20, 2007.

**1. Standard for Remand**

The party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. *Conrad Assocs. v. Hartford Accident & Indemn. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) (citing *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992)). The removal statute is strictly construed against removal jurisdiction. *Id.* (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

**2. Unanimity Requirement**

Century and INA, as the parties who removed the action, have the burden of proving that all Defendants consented to removal under 28 U.S.C. § 1446. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999). However, they only have to prove consent of those Defendants who had been served at the time of removal.[3] *See Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984)*, superceded by statute on other grounds*, 28 U.S.C. § 1441(e), *as recognized in Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 n.3 (9th Cir. 1988). "Where fewer than all the defendants have joined in the removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal."*Id.* (citing *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982).

At the time of removal, Defendants Granite State, ISCOP, and Transport had been served. Since Century and INA filed their Notice of Removal, Transport has filed a letter with the Court written by it to Century and INA on February 12, 2007, stating that it consented to the removal. (Dkt. # 62). However, Transport's consent was not obtained until after Century and INA filed their original Notice of Removal, and Transport filed this letter with the court on April 2, 2007—more than 30 days after either the original or amended Notice of Removal. Thus, Transport's consent was not timely.

In any event, Century and INA failed to provide any evidence with their notices of removal that

---

[3] The Ninth Circuit has not decisively adopted either the "first-served" rule or the "last-served" rule. *See Myer v. Nitetrain Coach Co., Inc.*, 459 F. Supp. 2d 1074, 1078 (W.D. Wash. 2006) (citations omitted). Under the former, the thirty day period in which a defendant can remove a case to federal court begins to run from the date the first defendant is served. *Id.* Under the latter, the thirty day period begins at the time the last defendant is served. *Id.* This Court need not decide which rule to adopt because Century and INA have failed to provide proof that ICSOP and Granite State consented to removal; thus, the time period within which Century and INA were allowed to remove and whether they obtained consent of the other Defendants is not dispositive to the present motion.

ICSOP and Granite State consented to the removal. Century and INA correctly argue that the consent of "nominal parties" is not required. *See Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986) (citations omitted). However, Century and INA were required to "affirmatively explain in their Notice of Removal the absence of any co-defendants." *Prize Frize*, 167 F.3d at 1266. Century and INA stated in their amended Notice that "ICSOP and Granite [State] have settled their dispute with Plaintiff and have filed a motion for a claim bar on February 8, 2007." They do not state or explain that the settlement made ICSOP and Granite State nominal parties, thereby making their consent unnecessary. Century and INA argued for the first time in Response to this Motion to Remand that ICSOP and Granite State were nominal parties as a result of the settlement with Plaintiff. This explanation is not timely and is not sufficient. *See Brodar v. McKinney*, 378 F. Supp. 2d 634, 637 (M.D.N.C. 2005) (a defendant's inclusion of the "nominal party" argument for the first time in its response to the motion to remand was insufficient to satisfy the defendant's burden, as such argument should have been included in the original notice of removal).

Moreover, the Court cannot conclude that ICSOP and Granite State are in fact nominal parties until it resolves the pending claims bar and summary judgment motions. Until those motions are resolved, ICSOP and Granite State are still Defendants, and as such, their consent to removal is required.

Finally, although Plaintiff's claims against ICSOP and Granite State may have been extinguished by the settlement, Transport has asserted a cross-claim against both ICSOP and Granite State; thus, they are still parties to the suit even if the court grants the pending summary judgment and claims bar motion. *Cf. Bradley v. MD. Cas. Co.*, 382 F.2d 415, 419 (8th Cir. 1967) (holding that the consent to removal by a third party-defendant brought into the suit only by a third-party plaintiff is not required when the third-party plaintiff and third-party defendant settle).

Because the Court finds that Century and INA have failed to satisfy their burden of proving that all

necessary Defendants consented to removal, the Court GRANTS Plaintiff's Motion to Remand. This matter is hereby remanded to Pierce County Superior Court. The Clerk is directed to send certified copies of this Order to the Clerk of Pierce County Superior Court and uncertified copies to all counsel of record.

All other pending motions, dkt. nos. 3, 24, and 33, are DENIED as moot.

DATED this 9th day of April, 2007.

*/s/ Ronald B. Leighton*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE